**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, kba@cjmlv.com
*Attorneys for Plaintiff Board of Trustees
of the Southern Nevada Glaziers and
Fabricators Pension Trust Fund*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>J & M GLASS, LLC, an Arizona limited liability company; WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF ERISA, DECLARATORY RELIEF UNDER ERISA, AND DEMAND FOR RELIEF ON BONDS**<br><br>Date: N/A<br>Time: N/A |

The Plaintiff, the Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Plaintiff" or "Trust Fund"), acting by and through its attorneys, Christensen James & Martin, Chtd., hereby complains, asserts and alleges as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan

governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiff is administered.

**PARTIES**

5. The Trust Fund is an express trust created pursuant to a written declaration of trust ("Trust Agreement"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], existing "to implement a Section 401(k) retirement plan ... for the benefit of all [covered employees]," within the meaning of ERISA, 29 U.S.C. § 1002(2), (3), and (37).

6. The Trust Fund is administered in Clark County, Nevada.

7. The Board of Trustees and the individual Trustees of the Trust Fund are "named fiduciar[ies]," "plan administrator[s]" and "plan sponsor[s]" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Fund and related matters.

8. J & M Glass, LLC ("J&M") was and/or is an Arizona limited liability company operating as a glass and glazing contractor in Arizona under Arizona Contracting License No. 302375, a Specialty Dual CR-65 Glazing license.

-2-

9. J&M is and has been, at all material times, an employer in an industry affecting commerce within the meaning of the LMRA, and an employer obligated to make contributions to a multi-employer plan within the meaning of ERISA.

10. Defendant Western National Mutual Insurance Company ("Western National") is a Minnesota corporation acting as a surety in the State of Arizona that issued one or more Bonds to J&M as a condition of J&M's Contracting License, including: (i) Contractor's Bond No. 27806, in the amount of $6,750, effective September 16, 2019 (the "Bond").

11. Defendants J&M, JOHN DOES I-XX, inclusive, and ROE ENTITIES I-XX, inclusive, individually and jointly, are the owner, co-owner, agent, partner, representative, employee and/or alter-ego of each other, or otherwise acting on behalf of each other, and in doing the things herein alleged, were acting within the course and scope of said ownership, agency, partnership or relation, with the permission and consent of each of them, and that each was working as a single entity, employer and business in fact.

12. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiff, and are therefore jointly and severally liable for the damages set forth herein.

13. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiff at this time and said Defendants are therefore sued by fictitious names. The Plaintiff reserves the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

**GENERAL ALLEGATIONS**

14. This Complaint is prosecuted pursuant to section 301 of the LMRA, 29 U.S.C. § 185(a), and pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting

commerce.

15. On or about August 2, 2019, J&M signed a Master Labor Agreement ("CBA") with Painters and Allied Trades District Council No. 36 on behalf of Glaziers, Architectural Metal and Glass Workers Local Union No. 86 ("Union"), whereby J&M bound itself to the terms of the CBA.

16. The Union is a labor organization within the meaning of Section 301 of the LMRA [29 U.S.C. § 185(a)], and an employee organization within the meaning of Section 3(4) of ERISA [29 U.S.C. § 1002(4)].

17. The CBA establishes the terms and conditions of employment for all employees of J&M who are or were performing work covered under its terms.

18. After the initial term, the CBA renews automatically from year to year unless properly terminated.

19. The CBA has not expired, has not been terminated, and remains in full force and effect.

20. At all times material herein, J&M was obligated by the CBA to submit written reports to the Trust Fund on a timely basis showing the identities of employees performing work covered by the CBA and the number of hours worked by or paid to these employees.

21. Further, J&M promised that it would pay fringe benefit contributions to the Trust Fund on a monthly basis and at specified rates for each hour worked by or paid to its employees for covered labor performed by its employees.

22. Pursuant to the express terms of the CBA, reports and contributions to the Trust Fund are due and payable on or before the tenth day of the month following the month in which the work was performed, and deemed delinquent after the twentieth day of the month. Starting with the February 2020 work month, the Board of Trustees of the Trust Fund extended the delinquency deadline to the last day of the month following the month in which the work was performed.

23. The CBA incorporates the Declarations of Trust and Trust Agreement of the Trust Fund ("Trust Agreement") and any amendments thereto and modifications thereof, including the collection policies and procedures implemented by the Board of Trustees.

24. By executing the CBA and contributing to the Trust Fund, J&M also agreed to be bound by the terms and provisions of the Trust Agreement utilized to create the Trust Fund to which J&M was required to submit reports and contributions.

25. The Trust Fund is an intended beneficiary of the CBA.

26. The Trust Agreement governing the Trust Fund states that contributions that are not received by the due date shall be assessed interest and liquidated damages calculated through the date of payment.

27. The Board of Trustees has determined, through written policies, that interest shall be assessed on delinquent contributions at the rate of seven percent (7%) per annum, and that liquidated damages shall be assessed on unpaid contributions in the amount of $20 or 1.5% per month up to 20% of the unpaid contributions, whichever is greater.

28. J&M failed to timely submit payment for contributions to the Trust Fund for work performed during the December 2019 through March 2020 work months.

29. J&M has not submitted payment for contributions to the Trust Fund for work performed during the July and August 2020 work months.

30. Interest and liquidated damages have been assessed on the late paid and unpaid contributions in accordance with the Trust Fund's policies.

31. J&M is currently delinquent to the Trust Fund for $5,861.50 in unpaid contributions, $350.22 in interest, and $1,164.83 in liquidated damages.

32. Several demands were made upon J&M to pay the amounts described herein.

33. J&M responded to at least one such demand and stated that payment would be submitted.

34. As of the date of the filing of this Complaint, the amounts stated herein remain unpaid.

35. Pursuant to the written terms of the Trust Agreement, Employer contributions are considered fund assets from the date they are due, whether or not they are actually paid, and must be held in trust by an employer until remitted to the Plaintiff. Employer contributions are components of the employees' compensation and do not belong to the employer. Employers have a fiduciary duty to ensure that employer contributions are properly and timely delivered to the Plaintiff.

36. As an employer, J&M is obligated by the CBA, Trust Agreement, and ERISA to maintain records with respect to each of its employees sufficient for the Plaintiff to determine the benefits due, or which may become due, to such employees under the terms of the employee benefit plans offered by the Plaintiff. *See* 29 U.S.C. § 1059(a)(1).

37. J&M is required to keep and maintain proper payroll and related records, which are adequate and sufficient to readily identify all types and hours of work performed by all of its employees, in order to determine, among other things, whether the employer has properly reported and paid all contributions due to the Plaintiff.

38. The Trust Agreement and written policies adopted by the Plaintiff provide that the Plaintiff may undertake reasonable inquiry, including audit, of J&M's records insofar as may be necessary or appropriate to verify J&M's compliance with its obligations to the Plaintiff under the CBA and Trust Agreement. The United States Supreme Court has upheld a trust fund's right to audit the books of its contributing employers pursuant to the terms of the trust funds' written trust agreements. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985). Further, the Ninth Circuit Court of Appeals has determined that even if an employer did not sign the trust agreement, it is still subject to the trust fund's audit rights. *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493–94 (9th Cir. 1990)

39. The Plaintiff has implemented a regular program whereby contributing employers such as J&M are audited on a regular basis.

40. The CBA and Trust Agreement require J&M to make its records available for

such inspection.

42. In order to facilitate its audit policies and consistent with ERISA, the Plaintiff has determined that every employer must maintain the following accurate and complete records: state unemployment insurance reports; list of all employees, including job titles and description of work performed; individual employee compensation records (individual payroll earnings records); W-2 and W-3 forms for each employee; time cards or time sheets for each employee; certified payroll reports; chart of accounts; general ledger, including account transaction detail, cash disbursements and receipts transactions; trust fund remittance reports; Federal Tax Forms 1099 and 1096; a list of jobs, including the job name, address or location, project owner, general or higher-tiered contractors, and subcontractors; job costing reports or other record of employees and hours of work performed by job; a list of subcontractors, including the type of work performed; a list of related (affiliated) employers, companies or entities, including an explanation of the relationship, if any; and any other documents or records that will allow the Trust Fund to efficiently evaluate whether hours and contributions were reported accurately.

42. If an audit reveals an underpayment, the CBA and Trust Agreement require J&M to pay the underpaid contributions, plus accrued interest and liquidated damages.

43. The Trust Agreement and written policies of the Plaintiff requires J&M to reimburse the Plaintiff for all attorneys' fees and court costs incurred by the Plaintiff, whether or not legal proceedings were instituted and whether or not such examination discloses that J&M has failed to make appropriate or timely contributions to the Plaintiff.

44. The Trust Agreement and written policies of the Plaintiff require J&M to reimburse the Plaintiff for all audit fees incurred by the Plaintiff.

45. It has become necessary for the Trust Fund to retain legal counsel and initiate this lawsuit to protect its legal rights under the CBA and ERISA.

46. J&M is obligated to pay the Trust Fund all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs,

pursuant to 29 U.S.C. § 1132(g)(2).

47. The delinquencies asserted herein owed by J&M to the Trust Fund are properly payable out of the proceeds of the Bond.

## FIRST CAUSE OF ACTION
[Breach of Written Labor Agreement & Related Trust Agreement – J&M, DOES, ROES]

48. The Plaintiff herein restates and realleges the above allegations.

49. J&M, DOES and ROES breached the CBA and Trust Agreement and are contractually delinquent by failing to timely and fully remit contributions when due to the Trust Fund.

50. At all times material herein, J&M, DOES and ROES were and are the alter egos and or guarantors of each other and are jointly and severally liable to the Plaintiff for any and all obligations owed under the CBA.

51. The Plaintiff is entitled to recover as damages from the Defendants any and all benefit contributions, interest and liquidated damages owed to the Plaintiff pursuant to the CBA and Trust Agreement.

52. Defendants' actions have required the Plaintiff to retain legal counsel to enforce its rights under the CBA and Trust Agreement. The Plaintiff is entitled to recover its attorney's fees and costs from Defendants.

## SECOND CAUSE OF ACTION
[Violation of ERISA – J&M, DOES and ROES]

53. The Plaintiff herein restates and realleges the above allegations.

54. By failing to remit contributions when due and pay all amounts owed to the Plaintiff, J&M, DOES and ROES have violated Section 515 of ERISA [29 U.S.C. § 1145].

55. In accordance with the terms of the CBA and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiff is entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, and costs incurred in enforcing the terms of the Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

**THIRD CAUSE OF ACTION**
[Declaratory Relief under ERISA – J&M, DOES and ROES]

56. The Plaintiff herein restates and realleges the above allegations.

57. By failing to remit contributions and related damages to the Trust Fund in accordance with the provisions of the CBA and the Trust Agreement, J&M, DOES and ROES have violated ERISA § 515, 29 U.S.C. § 1145.

58. Without access to J&M's records, Plaintiff is unable to determine whether J&M has accurately reported and paid contributions to the Trust Fund in accordance with the CBA and the Trust Agreement since reporting is based solely on an Employer's statement and the Plaintiff has no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to J&M's records, Plaintiff will be unable to determine whether benefits have been properly paid which may subject the Plaintiff to penalties, suits and damages for the failure to perform its duties, the gross sum of which is incalculable, speculative, and may lead to irreparable damage.

59. In accordance with the terms of the CBA, Trust Agreement, written policies governing the Trust Fund, and pursuant to ERISA §§ 502(g)(2)(E) and 515, 29 U.S.C. §§ 1132(g)(2)(E) and 1145, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and binding Supreme Court precedent, Plaintiff is entitled to and hereby demands as appropriate equitable relief that the Court issue an order requiring J&M to produce its records for the purpose of the Trust Fund performing a payroll compliance audit to enable the Trust Fund to verify the amounts due to the Trust Fund and determine the amount of benefits to be provided to J&M's employees.

60. If the audit confirms that J&M owes money to the Plaintiff, the Plaintiffs hereby demands that the Court's order require J&M to promptly pay the deficiency.

61. The contract breaches and violations of ERISA identified above harm the Plaintiff and place at risk the Plaintiff's ability to provide required employee benefits to its beneficiaries.

62. The Plaintiff's remedies at law are not sufficient to adequately compensate the Plaintiff or its beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

63. The Plaintiff is likely to prevail on the merits of its claims.

64. The Plaintiff is entitled to injunctive relief affirmatively compelling J&M to make its records available to the Plaintiff for inspection and audit to verify J&M's compliance with its obligations under the CBA and Trust Agreement.

**FOURTH CAUSE OF ACTION**
**[Demand for Relief on Bond – Western National]**

65. The Plaintiff herein restates and realleges the above allegations.

66. Western National issued the Bond as a condition for J&M to maintain its Contracting License.

67. The Trust Fund and J&M's employees who provided labor as described herein are intended third-party beneficiaries under the Bond.

68. The delinquencies asserted herein owed by J&M to the Trust Fund are properly payable out of the proceeds of the Bond pursuant to the express terms of the Bond Agreement and Arizona Revised Statutes 32-1152.

69. The proceeds of the Bond must be paid to the Trust Fund in full or partial satisfaction, as the case may be, of J&M's obligations owed to its employees and the Trust Fund or as damages caused by J&M's failure to properly act in accordance with the CBA and/or the law, subject only to the penal limit on the Bond.

**PRAYER FOR RELIEF**

WHEREFORE, the Trust Fund prays for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order compelling J&M to deliver or make available to the Plaintiff all information and documents necessary to permit the Plaintiff's auditors to perform payroll compliance audits deemed necessary and proper by the Plaintiff;

2. For the Court's Order enjoining J&M from failing to fully cooperate with any audit deemed necessary and proper by the Plaintiff, and from failing to timely pay to the Plaintiff delinquent amounts discovered by the audit or as otherwise incurred in the normal course of business;

3. For the Court's Order awarding all contributions currently due or as determined to be due by audit, as well as liquidated damages, interest, attorneys' fees, costs incurred in enforcing the terms of the CBA and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

4. For unpaid fringe benefit contributions in amounts to be proven at trial;

5. For damages for breach of contract in an amount to be proven at trial;

6. For liquidated damages in amounts to be proven at trial;

7. For accrued interest on all unpaid contributions and damages from their due dates until paid;

8. For audit costs in an amount to be proven at trial;

9. For reasonable attorney's fees;

10. For costs of suit incurred herein;

11. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

12. For such additional relief as this Court deems just and proper.

DATED this 11th day of March, 2021.

CHRISTENSEN JAMES & MARTIN, CHTD.

By: */s/ Wesley J. Smith*
Wesley J. Smith, Esq. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 255-1718
Fax: (702) 255-0871
Email: wes@cjmlv.com
*Counsel for Plaintiff Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund*